No. 72–6629.  THOMPSON ET AL. *v.* MISSISSIPPI.  Appeal from Sup. Ct. Miss. dismissed for want of substantial federal question.

MR JUSTICE DOUGLAS, dissenting.

Appellants were part of a group of 25 to 60 blacks congregating about the center of a small Mississippi town. A local police officer approached the crowd and asked them to disperse. The crowd was not interfering with traffic; the officer had received no complaints; and the only person he knew to be bothered by the crowd was himself. The officer attempted to arrest appellant A. B. Thompson for disturbing the peace after A. B. cursed and acted "real tough." The officer testified that the crowd "started around" him and he pulled his gun.*

---

*There was further testimony that he pointed the gun at A. B.'s chest and said: "You don't believe I will shoot you." R. 149, 162. There is a great deal of conflicting testimony, but the record strongly suggests that the officer's provocative conduct engendered the crowd mumbling and "rambling" which the court below held a "riot." This merely underscores the desirability of our hearing appellants' claim.

"Because a claim of constitutionally protected right is involved, it 'remains our duty in a case such as this to make an independent

He left the crowd and returned with two more officers, again attempting to arrest A. B. after the youth "hurled a vile obscenity" at him. A. B. resisted and in the resulting scuffle was shot. Along with his brother Leon who entered the scuffle when A. B. was shot and Davis Stewart who was "riling up the crowd," A. B. was convicted of riot under a statute the constitutionality of which is here challenged. Mississippi Code Ann. of 1942, § 2361.5–01, subd. A, provides:

> "A 'riot' is any use of force or violence disturbing the public peace, or any threat to use such force and violence, if accompanied by immediate power of execution, by two (2) or more persons acting together and without authority of law."

Appellants complain of the vagueness and overbreadth in the phrase "disturbing the public peace."

According to the court below, the "riot" was underway when the officer returned and attempted to arrest A. B., the officer's actions being referred to as an attempt to "quell a riot that had been instigated and encouraged by this appellant's cursing and using obscene language to excite the crowd." 269 So. 2d 641, 644. Since appellants challenge the facial constitutionality of a statute which, according to the Mississippi Supreme Court, defines the congregation of blacks in this case as a "riot," the fact that A. B. and Leon Thompson forcefully resisted the police intervention does not end the case. The fact that their action might fall within the statute if it were constitutionally narrowed, does not negate their ability to challenge the statute. *Gooding* v. *Wilson*, 405 U. S. 518, 521.

---

examination of the whole record.' *Edwards* v. *South Carolina,* 372 U. S. 229, 235; *Blackburn* v. *Alabama,* 361 U. S. 199, 205 n. 5; *Pennekamp* v. *Florida,* 328 U. S. 331, 335; *Fiske* v. *Kansas,* 274 U. S. 380, 385–386." *Cox* v. *Louisiana,* 379 U. S. 536, 545 n. 8.

Any statute which classifies the congregation of blacks in this case as a riot raises serious constitutional questions. The state court places no limiting construction upon the statute. It first notes that the statute is similar to the federal riot control statute, then discusses whether other Mississippi statutes are constitutional, and finally concludes that the challenged statute "sufficiently informed the defendants of the essential elements of the offense." 269 So. 2d, at 644. The challenged statute is *not* like its federal counterpart. Title 18 U. S. C. § 2102, unlike the Mississippi statute, necessitates a clear and present danger of property damage or personal injury. The conclusory statement that these defendants were sufficiently informed of the essential elements, is not an answer to the matter of overbreadth.

I would note probable jurisdiction.